OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. DICKSON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. DICKSON
2016 OK 81
Case Number: SCBD-6375
Decided: 06/28/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 81, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
KATHRYN KIMBERLEE DICKSON, Respondent.

¶0 ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR
ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶1 Before this Court is the affidavit of the respondent, Kathryn Kimberlee Dickson, filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, requesting that she be allowed to resign her membership in the Oklahoma Bar Association (OBA) and relinquish her right to practice law. The OBA moves that this Court approve this resignation.

¶2 The respondent was admitted to membership in the Oklahoma Bar Association on October 6, 1983. On March 28, 2016, she submitted her affidavit of resignation pending investigation of a disciplinary proceeding.

¶3 The Record submitted by the Oklahoma Bar Association reveals that The District Attorney for Tulsa County charged the respondent with the crime of Financial Exploitation of an Elderly Person, a felony. Count 1 alleged that between June 2013, and January 2014, the respondent financially exploited her mother, born April 3, 1938, by writing checks from her mother's bank accounts and using her mother's credit cards without permission. An affidavit from a Tulsa Police Department detective alleged that the amount taken by the respondent was $63,985.44. The allegation would constitute violations of Rule 1.3, RGDP, 5 O.S.2011, ch. 1, app. 1-A, Discipline for Acts Contrary to Prescribed Standards of Conduct; and Rules 8.4(b) and 8.4(c) of the Oklahoma Rules of Professional Conduct, 5 O.S.2011 ch. 1, app. 3-A, (Amended by order of the Supreme Court, 2007 OK 22; effective January 1, 2008) Misconduct, which includes committing a criminal act that reflects adversely on the lawyer's honesty, and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

¶4 The respondent acknowledges that she is aware that a Notice of Felony Plea of Guilty and Deferment is currently pending before this Court in State ex rel. Oklahoma Bar Ass'n v. Kathryn Kimberlee Dickson, OBAD 2091, SCBD 6375, and that these proceedings were filed pursuant to Rule 7 of the RGDP. The respondent entered a plea of guilty to the charge on March 14, 2016. On that date, she received a six years and six months deferred sentence, was placed on supervised probation for two years, and ordered to make restitution of $15,700.00. The trial court also ordered her to pay court costs, victim's compensation assessment, and any applicable fines.

¶5 The respondent's affidavit regarding her resignation pending disciplinary proceedings states:

a. Her resignation is freely and voluntarily given without coercion or duress, and she is aware of the consequences of submitting her resignation;

b. She is aware of the grievance, OBAD 2091, filed against her, that the OBA has the burden of proving the allegations against her, and that approval of her resignation is discretionary with this Court;

c. She is familiar with and agrees to comply with Rule 9.1 of the RGDP and acknowledges and agrees, as a prerequisite to reinstatement, to comply with Rule 11 of the RGDP and that she will make no application for reinstatement prior to the expiration of five (5) years from the effective date of the order approving this Resignation Pending Disciplinary Proceedings;

d. She acknowledges that the Client Security Fund may receive claims from her former clients and agrees to reimburse the Fund for the principal amounts and statutory interest for claims which it approves and pays as a prerequisite to her reinstatement to the practice of law;

e. She acknowledges that the OBA has incurred costs in the investigation of the disciplinary proceeding against her but that the OBA will recommend that the imposition of costs against her be waived; and

f. She has surrendered his OBA membership card to the Office of the General Counsel.

¶6 Pursuant to Rules 8.1 and 8.2 of the RGDP, this Court finds:

a. The respondent's resignation from the OBA is freely and voluntarily tendered without coercion or duress, and she is fully aware of the consequences of submitting her resignation;

b. The respondent is subject to discipline by this Court under Rule 6 of the RGDP and has knowingly waived her right to appear before this Court to show cause why she should not be disciplined;

c. The respondent's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1 of the RGDP and should be accepted;

d. The OBA has not sought payment of the costs incurred in the investigation of this matter; and

e. The respondent's OBA number is 10456 and her official roster address, as shown by OBA records, is Kathryn Kimberlee Dickson, 512 S. Wheeling, Tulsa, Oklahoma 74104.

¶7 IT IS THEREFORE ORDERED that the OBA's application is approved and the respondent's resignation is accepted and effective upon the filing of this order in the Office of the Clerk of the Appellate Courts.

¶8 IT IS FURTHER ORDERED that the respondent's name be stricken from the Roll of Attorneys and that she make no application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of this order. See RGDP, Rules 8.2 and 11.1.

¶9 IT IS FURTHER ORDERED that the respondent shall notify all of her clients having legal business pending with her of her inability to represent them and of the necessity for promptly retaining new counsel by certified mail within twenty days pursuant to Rule 9.1 of the RGDP. The respondent is also ordered to return all client files and refund unearned fees. As a condition of reinstatement, the respondent shall reimburse the Client Security Fund for any monies expended because of her malfeasance or nonfeasance. See RGDP, Rule 11.1(b).

¶10 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 27th day of JUNE, 2016.

/s/Vice Chief Justice

ALL JUSTICES CONCUR






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2007 OK 22, 171 P.3d 780, IN RE: APPLICATION OF THE OBA TO AMEND THE RULES OF PROFESSIONAL CONDUCT
Cited